UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MITCH ROY OSIER, SR.,

       Plaintiff,

v.                                             Case No. 1:14-cv-1211
                                               Hon. Ray Kent
COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
                                             /

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) which denied his claim for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff was born in 1974. PageID.221. He obtained a GED, had specialized training in hotel and restaurant management and H.V.A.C., and previous employment as a property manager, maintenance worker, general manager of a hotel, construction contractor, and cleaning crew. PageID.225. Plaintiff alleged a disability onset date of February 15, 2007, which he later amended to January 21, 2010. PageID.45, 221.[1] Plaintiff identified his disabling condition as neck injury, headaches (migraines), and back pains. PageID.224. An administrative law judge (ALJ) reviewed

---

[1] The administrative law judge provided the following background. "The medical evidence established the claimant suffered whiplash type injury to his neck after being attacked at work in February 2007. Afterwards, the claimant suffered pain in his neck that radiated into his head and upper extremities. He filed for Workmen's Compensation." PageID.49.

plaintiff's claim *de novo* and entered a written decision denying benefits on June 14, 2013. PageID.45-53. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

### I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial

gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by his impairments and the fact that he is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the amended onset date of January 21, 2010, and that he meets the insured status requirements of the Act through September 30, 2015. PageID.47. At the second step, the ALJ found that plaintiff had a severe impairments of cervical spondylarthritis with cervicalgia, thoracic somatic dysfunction, and chronic headaches. PageID.48. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id.*

The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to perform <u>unskilled light work</u> as defined in 20 CFR 404.1567(b) and 416.967(b). He can frequently hand and finger bilaterally. The claimant can occasionally reach overhead with his bilateral upper extremities. He can stand/walk for up to 3 hours during an 8-hour workday. He must have the option to sit, stand, and/or change position of his neck (i.e. not be required to remain in a fixed position) at will. The claimant can frequently climb ramps and stairs. He can never climb ladders, ropes, or scaffolds. The claimant can frequently balance, kneel, stoop, and crouch. He can occasionally crawl. The claimant must avoid concentrated exposure to vibration and all exposure to hazards. He cannot perform production rate paced work.

PageID.48-49 (emphasis in original).  The ALJ also found that plaintiff was unable to perform any past relevant work.  PageID.51.

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled jobs at the light exertional level in the national economy.  PageID.52-53.  Specifically, plaintiff could perform the following light, unskilled jobs in Michigan and nationally: cashier (8,500 jobs in Michigan and 250,000 jobs nationally); general office clerk (5,000 jobs in Michigan and 138,000 jobs nationally); and counter clerk (1,000 jobs in the state and 27,000 jobs nationally).  PageID.52.  Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from February 15, 2007 (the original onset date) through June 14, 2013 (the date of the decision).  PageID.53.

### III.  ANALYSIS

Plaintiff has raised two issues on appeal.

**A.    The ALJ gave inadequate reasons to reject Dr. Petrie's opinions.**

Lisa C. Petrie holds a doctorate in physical therapy.  PageID.560.  She is not an acceptable medical source under the regulations.  *See* 20 C.F.R. §§ 404.1502 and 416.902 (defining an "acceptable medical source" as a source described in 20 C.F.R. §§ 404.1513(a) and 416.913(a) who provides evidence about your impairments, i.e., licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists). While Dr. Petrie's opinions can be considered as evidence from an "other" medical source, they are not entitled to the weight given to the opinions of an "acceptable medical source" such as medical or osteopathic doctors.  *See* 20 C.F.R. §§ 404.1513(a)(1), (d)(1) and 416.913(a)(1),

(d)(1) (evidence from "other" medical sources includes information from nurse-practitioners, physician's assistants, naturopaths, chiropractors, audiologists and therapists).

> The ALJ addressed Dr. Petrie's opinion as follows:
>
> As for the opinion evidence, Lisa Petrie, a physical therapist, opined that the claimant was permanently disabled. She recommended physical therapy. This portion of Ms. Petrie's opinion was given little weight. Ms. Petrie was not a vocational expert. She was not qualified to make opinions about if there were jobs available to a hypothetical person similarly situated as the claimant. Decisions about disability are reserved to the undersigned. Moreover, this opinion was not supported by Ms. Petrie's report that demonstrated the claimant could perform less than a range of light work (i.e. he could lift more than 20 pounds) (2F:4 and 8F). The opinion was not consistent with the positive results of the claimant's April 2012 neurotomy.

PageID.50.

While the ALJ is required to give "good reasons" for the weight assigned a treating source's opinion, *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004), this articulation requirement does not apply when an ALJ evaluates the reports of individuals who are not acceptable medical sources. *See Smith v. Commissioner of Social Security*, 482 F.3d 873, 876 (6th Cir.2007). In performing such a review, "the ALJ's decision still must say enough to allow the appellate court to trace the path of his reasoning." *Stacey v. Commissioner of Social Security*, 451 Fed. Appx. 517, 519 (6th Cir. 2011) (internal quotation marks omitted). Here, the Court can trace the ALJ's reasons for assigning little weight to Dr. Petrie's opinion. First, the determination of disability is the prerogative of the Commissioner. *See Houston v. Secretary of Health and Human Services*, 736 F.2d 365, 367 (6th Cir. 1984). Second, the ALJ noted that Dr. Petrie's testing indicated that plaintiff could perform the exertional requirements of light work. PageID.50, 340. Accordingly, this claim of error is denied.

    **B.**  **The ALJ gave inadequate reasons for rejecting plaintiff's complaints, i.e., his reported symptoms and limitations.**

  An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997). "It [i]s for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony." *Heston*, 245 F.3d at 536, *quoting Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972). The court "may not disturb" an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The threshold for overturning an ALJ's credibility determination on appeal is so high, that in recent years, the Sixth Circuit has expressed the opinion that "[t]he ALJ's credibility findings are unchallengeable," *Payne v. Commissioner of Social Security*, 402 Fed. Appx. 109, 113 (6th Cir. 2010), and that "[o]n appeal, we will not disturb a credibility determination made by the ALJ, the finder of fact . . . [w]e will not try the case anew, resolve conflicts in the evidence, or decide questions of credibility." *Sullenger v. Commissioner of Social Security*, 255 Fed. Appx. 988, 995 (6th Cir. 2007). Nevertheless, an ALJ's credibility determinations regarding subjective complaints must be reasonable and supported by substantial evidence. *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 249 (6th Cir. 2007).

  Here, the ALJ noted that plaintiff suffered whiplash type injury to his neck after being attacked at work in February 2007, later suffered pain in his neck that radiated into his head and upper extremities and filed for Workmen's Compensation. PageID.49. Plaintiff underwent multiple surgeries and procedures for the pain in his head and neck. PageID.50.

  The ALJ evaluated plaintiff's credibility as follows:

> The claimant alleges that he is unable to work due to pain that limits his ability to handle, finger, move his neck, lift, sit, stand, walk, and concentrate (testimony).
>
> \* \* \*
>
> At the hearing, the 39-year-old claimant testified that his pain seemed to worsen with age. The claimant said that he had headaches every day. He was easily irritated. The claimant admitted that he could perform some light tasks such as raking leaves, cooking, and driving. This evidence supports the above-specified limitations.
>
> \* \* \*
>
> A review of the medical evidence of record, longitudinal history, and testimony put the claimant's credibility at issue. The claimant testified about severe physical limitations. For example, when asked, the claimant said that he spent about two days a week in bed due to headaches. The evidence did not support his testimony. Despite this level of alleged severity, the claimant did not go the hospital for treatment of severe headaches. In February 2013, during a visit to Dr. Wang, the claimant said that his left upper cervical pain was resolved. The claimant said nothing about disabling headaches to Dr. Wang in February 2013 (6F:3).
>
> The undersigned asked the claimant about his plans for future care and prognosis. The claimant said that his condition was not remediable and that he would tolerate disabling pain for the rest of his life. He said, "This is what it is." The undersigned noted that there were no opinions made by the claimant's surgeon R. Blaine Rawson, M.D. in the file. It appeared Dr. Wang primarily treated the claimant and Dr. Wang had never placed the claimant on work restrictions.
>
> Although the claimant described daily activities that were fairly limited, two factors weighed against considering his allegations to be strong evidence in favor of finding the claimant disabled. First, his allegedly limited daily activities could not be objectively verified with any reasonable degree of certainty. Secondly, even if the claimant's daily activities were truly as limited as he alleged, it was difficult to attribute that degree of limitation to the claimant's medical conditions in view of the relatively weak medical evidence. In sum, the above residual functional capacity assessment is supported by the preponderance of the evidence.

PageID.50-51.

The ALJ's credibility determination is reasonable and supported by substantial evidence. *Rogers*, 486 F.3d at 249. The ALJ recognized that plaintiff has a number of limitations and accounted for these in the RFC. There is no compelling reason to disturb this credibility determination. *Smith*, 307 F.3d at 379. Accordingly, this claim of error is denied.

### IV.  CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will be issued forthwith.


Dated: March 25, 2016		/s/ Ray Kent
					RAY KENT
					United States Magistrate Judge